FRANK H. MASSEY, Appellant, v. SECURITY
TRUST COMPANY, Respondent.

Springfield Court of Appeals, May 12, 1914.

1. **APPELLATE PRACTICE:** No Abstracts or Briefs Filed: Court Rule: Dismissal. No abstract or briefs being on file at the time set for hearing, the case is not one requiring a motion for affirmance or to dismiss the appeal, but one calling for the application of Court Rule No. 21, which provides that the appeal shall be dismissed, unless continued at respondent's option, when the case is called for hearing and no abstracts of the record or briefs are on file.

2. ‘————: ————: Negligence: Discretion of Appellate Court. A case was continued and reset for hearing by appellate court on the certificate of the trial judge that the bill of exceptions could not be filed within the time fixed by statute because the stenographer of the court could not prepare the transcript within such time, as provided by Sec. 2029, R. S. 1909, Amended Laws of 1911, p. 139. Upon application for second continuance for the same reason on like certificate, it is discretionary with the appellate court to grant or refuse the requested continuance. And the case will not be again continued but dismissed, it appearing that the negligence of the appellant was the occasion of the failure to file the abstract and briefs.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby,* Judge.

APPEAL DISMISSED.

*Williams* and *Galt* for appellant.

*Barbour* and *McDavid* for respondent.

PER CURIAM: This case was tried at the September term, 1912, of the Greene county circuit court. The motion for new trial was continued and heard and overruled at the January term, 1913, thereof and an appeal granted to this court on April 26, 1913. On September 6, 1913, a transcript of the judgment and

order granting the appeal was filed in this court and the case regularly docketed for hearing at the October term, 1913. The case was then continued by agreement of the parties to the March term, 1914, and docketed for hearing in this court on March 3, 1914. The appeal is by the short form and, under rule twelve of this court, the appellant was required to serve a copy on respondent and file his abstracts of the record in this court thirty days before said date of hearing. In stead of so doing, he filed on February 11, 1914, a certificate of the trial judge, under the provisions of Section 2029, Revised Statutes 1909, as amended, Laws of 1911, p. 139, stating that the bill of exceptions in this cause could not be filed within the time allowed by said statute as amended, for the reason the court stenographer has failed to prepare a transcript of the evidence within said time, having more work than he has been able to keep up with. Accepting said certificate as being mandatory on this court (Curtis v. Sexton, 252 Mo. 221, 244, 159 S. W. 512), we made an order on said date, February 11, 1914, resetting the case for hearing on April 9, 1914, When the case was called for hearing on April 9th, no abstracts of the record or briefs were on file but a second certificate of the trial judge, under date of March 24, 1914, was presented, again certifying that the bill of exceptions could not be allowed and filed within the time allowed by Section 2029, Revised Statutes 1909 as amended, for the reason that the court stenographer has been unable to prepare his transcript of the evidence within such time. It is conceded that no bill of exceptions has yet been filed in the trial court. It is also shown that a transcript of the evidence in this case would be short, not requiring over two or three days to make the same. Under this state of facts, the appellant is demanding that the case be continued to the October term, 1914, of this court and the respondent is demanding that we dismiss the appeal under rule Twenty-one of this court.

As no abstracts or briefs are on file here and this case cannot now be heard on its merits, it is apparent that it is not a case requiring a motion for affirmance or to dismiss the appeal, notice of the filing of which must be given to the adverse party at least five days before filing same under Rule Twenty-five of this court. This is plainly a case for the application of our Rule Twenty-one, which provides that the appeal shall be dismissed, unless continued at respondent's option, when the case is called for hearing and no abstracts of the record or briefs are on file. In such cases the court acts of its own motion. Our Rule Twenty-five, relating to motions to affirm or dismiss on five days notice to the adverse party, seems to have reference more particularly to cases arising under section 2047, Revised Statutes 1909, where appellant fails to get the case in this court at all at the return term of the appeal by either the long or short method and respondent brings the case here on a certificate of the clerk and a motion to affirm based thereon; and is applicable, perhaps, to cases where abstracts and briefs are on file and the case is apparently ready for hearing on the merits but respondent seeks a dismissal of the appeal on account of some past dereliction of appellant as to time of serving and filing abstracts, etc. In this respect this case differs from Erwin v. Telephone Co., 173 Mo. App. 508, 158 S. W. 913, cited by appellant, and other like cases, for in that case, when same was called for hearing, the appeal was perfected in this court, the abstracts and briefs were on file, and the case apparently ready for hearing on the merits, but respondent was asking that the judgment be affirmed or that the appeal be dismissed on account of alleged previous dereliction of appellant as to time of perfecting the appeal and filing abstracts and briefs. In this case it is not an alternative of dismissing the appeal for previous but now cured defaults of appellant or hearing the case on the merits, but the alterna-

tive is of dismissing the appeal because the case is not ready for hearing on the merits or continuing it to another term of this court so as to permit appellant to get his case ready for hearing.

Appellant asserts that the second (and we presume the same would be true of the third or fourth) certificate of the trial judge as to the inability to file the bill of exceptions is mandatory on this court and leaves no discretion with us as to continuing the case. In this connection it is proper to say that the trial court's stenographer has filed an affidavit for each of the parties, showing that appellant did not request or order a transcript of the evidence until in January, 1914, a year after the motion for new trial was overruled in the trial court and nine months after the appeal was granted; and that such stenographer would have had abundant time to have made the transcript had it been ordered in a reasonable time after the appeal was granted. Such affidavits further say that the stenographer has not had time to make the transcript *since* the order was given in January, 1914, on account of his court being in session and the many *previous* orders for transcripts. We also take notice that appeals in several cases, tried in the same court after the appeal was granted in this case, have been heard on abstracts and briefs at this term of our court. There can, therefore, be no question but that the delay in filing the bill of exceptions, and the consequent delay by filing abstracts and briefs in this case, is due to appellant's negligence and delay in not ordering a transcript of the evidence made until nine months after the appeal was granted. It is also apparent that to reset the case a month or six weeks later at this term would do no good, as the bill of exceptions is not yet prepared. To continue it to the next term of this court means that a decision cannot be had on the appeal for two years after the case was tried and eighteen months after the appeal was granted. While this and the other

appellate courts liberally interpret the statutes and court rules so as to favor the hearing of cases on the merits where justice can be done, we must also be mindful that the law's delay is a crying evil and that delayed justice is often not justice. Respondent's rights are just as sacred as appellant's.

We need not discuss the question as to the first certificate of the trial judge under amended section 2029, Laws of 1911, p. 139, being mandatory on us, since we have so acted. Of course, the trial judge ought not to grant such certificate except on investigation and good cause shown. We then reset the case and the second certificate of the trial judge was not filed here until some time after the appellant's abstracts and briefs were due to be filed. There is some force in respondent's suggestion that the proper practice would require that, where the certificate of the trial judge is filed in lieu of the abstracts and briefs and as an excuse therefor, the same should be filed within the time required for so doing; but, in any event, we think that where this court has once continued or reset a case on the certificate of the trial judge as to inability to file the bill of exceptions and appellant is again in default, it is discretionary with us on the facts then presented whether we will grant a further continuance or not. There is nothing in this legislative act indicating that a second certificate of the trial judge is mandatory on this court, though the same might properly be filed as advisory. A contrary ruling would make our docket, otherwise clear, dependent on the various courts of the forty-four counties of our districts.

It is, therefore, ordered that the appeal herein be dismissed.